FILED
 2011 Oct-27 PM 01:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY LEWIS MCKENZIE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 11-G-1141-E |

## MEMORANDUM OPINION

The plaintiff, Terry Lewis McKenzie, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, Carol G. Moore, must be reversed and the action remanded for further development of the record.  The ALJ found that the plaintiff suffers from the following medically determinable impairments: major depressive disorder with psychotic features, hypertension, hyperthyroidism, and a history of low back strain. [R. 20].  However, the ALJ found that the plaintiff does not have a severe impairment or combination of impairments that meets or medically equals the Listings. [R. 21].

The plaintiff was 50 years old at the time of the ALJ's decision and alleges disability beginning April 15, 2007. The ALJ found that the plaintiff only has a mild restriction of activities of daily living, mild difficulty in maintaining social functioning, moderate difficulty with concentration, persistence or pace, and no episodes of decompensation. [R. 21].  The ALJ also found that the plaintiff can understand, remember and follow simple instructions and can sustain concentration, persistence and pace for routine, repetitive tasks, but should not work in crowds. [R. 22].  These conclusions were based on a September 11, 2007,  psychiatric review from Robert Estock, M.D., a state agency reviewing psychiatrist who did not examine the plaintiff. [R. 225-238].

However, the plaintiff was seen on March 10, 2008, at Cheaha Mental

Health Center and was diagnosed with major depressive disorder, recurrent, severe with psychotic features. [R. 240]. The attending therapist noted:

> Terry is a 48 y/o MBM, and father, who presents with the complaint that "I been thinking suicidal thoughts. I have depression, and a lot of anxiety. My wife say I talk to myself, but I don't realize I'm doing it. I can't sleep at night. I have crying spells, I don't like to sit around other people, my appetite is poor, I feel tired and restless. I have trouble concentrating, I get anxious, and have feelings of guilt." Client stated that he has a past substance abuse history. He has never received psychiatric treatment, nor has he been hospitalized."

Id. His Global Assessment of Functioning score was 50.[1] Id.

---

[1] The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders 30 (4th Edition) ("DSM-IV"). A GAF of 41-50 indicates: "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at 32. Several court's of appeal have, in unpublished or nonprecedential opinions, considered the impact of a claimant's GAF score of 50 or below. The courts generally find that a GAF score of 50 or below is not in and of itself determinative of disability. See Hillman v.Barnhart, 48 Fed Appx. 26, 2002 WL 31260962 at * 3, n.1(3rd Cir. 2002)(not precedential)(noting that a GAF of 50 would indicate a claimant could perform some substantial gainful activity); Rutter v. Comm'r of Soc. Sec., 91 F.3d 144 (Table), 1996 WL 397424 at *2 (6th Cir. 1996)(unpublished opinion)(exclusive reliance on GAF score not appropriate); Roemmick v. Shalala, 59 F.3d 176 (Table), 1995 WL 299894 at *2, n.1 (9th Cir. 1995)(noting that an inability to work is only one example of the level of adaptation meriting a GAF of 40); Seymore v. Apfel, 131 F.3d 152 (Table), 1997 WL 7555386 at *2 (10th Cir. 1997)("Contrary to claimant's contention, a GAF rating of 45 may indicate problems that do not necessarily relate to the ability to hold a job; thus standing alone without further narrative explanation, the rating of 45 does not evidence an impairment seriously interfering with claimant's ability to work.); Stalvey v. Apfel, 242 F.3d 390 (Table), 2001 WL 50747 at *2 (10th Cir. 1999)("The GAF is not an absolute determiner of ability to work."). But cf. Lloyd v. Barnhart, 47 Fed. Appx. 135, 2002 WL 31111988 at *1, n.2 (3rd Cir. 2002)(not precedential)(noting that a vocational expert at the administrative hearing testified that a GAF of 50 or lower would indicate claimant would not be able to keep a job).

The only other psychological evidence or record is from March 6, 2009, by Garry S. Grayson, M.D., a psychiatrist at Brookwood Medical Center. The plaintiff was hospitalized because of "increasing depression and paranoia." [R. 260]. Dr. Grayson noted:

> The patient is previously unknown to me. He apparently [sic] states he has been increasingly depressed, anxious and paranoid over the past month or 2. He states that he has been depressed, sad, discouraged, hopeless. His sleep has been poor, his appetite low. He has been feeling paranoid. At times, he feels like he is being watched in his own home. At times, he hears voices mumbling in the background. He denies any history of manic or hypomanic symptoms. His primary care doctor has him on Lexapro 10 milligrams for the past month with partial benefits. He is admitted for further evaluation and treatment.

[R. 260]. Dr. Grayson found that the plaintiff's mood was depressed and his affect was blunted. He was diagnosed with major depression with psychotic features, and his GAF score was 40. Id.

This court should not, and neither should the ALJ, succumb "to the [forbidden] temptation to play doctor and make [his] own independent medical findings." Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). Because of the Commissioner's duty to develop the record fully and fairly, "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988)(quoting Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotation marks omitted). In the present case, the ALJ's failure to fully develop the record regarding the

4

plaintiff's psychological condition prevented her from making an informed decision.

On remand, the Commissioner shall proceed with the sequential evaluation process and properly develop the record concerning the plaintiff's psychological condition, to include ordering a consultative examination by a psychiatrist or psychologist for psychometric testing and a mental status examination, to determine whether the plaintiff's condition impairs his ability to work, and whether the impairment has lasted or can be expected to last for a continuous period of not less than 12 months. The Commissioner shall consider the combined impact of all his impairments.  When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

After fully and fairly developing the record regarding the plaintiff's mental condition and the effect of the combination of the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's combination of impairments on his ability to work.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 27 October 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.